UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WELBY THOMAS COX, JR.,

    Plaintiff,

           v.

NEW YORK RACING ASS'N, et al.,

    Defendants.

Case No. 1:25-cv-529

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on August 18, 2025. (Doc. 7). Proper notice was given to Plaintiff (who proceeds pro se) under Fed. R. Civ. P. 72(b), including notice that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner.[1] *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Plaintiff has filed timely objections. (Doc. 8-1).

**Standard**. When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been **properly** objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

General objections are insufficient to preserve an issue for review. "A general objection to the entirety of the magistrate[ judge]'s report has the same effects as would

---

[1] (Doc. 7 PAGEID 42).

1

a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard*, 932 F.2d at 508–09).

**Plaintiff's Verified Complaint.** Plaintiff sues The New York Racing Association, United Tote Company, and unknown ("John Doe") computer-assisted wagering ("CAW") entities, alleging, in overall terms, that their participation "has fundamentally altered the fairness of pari-mutuel wagering systems[2] across state lines, including Ohio." (Doc. 6 PAGEID 31). This case, he asserts, "implicates federal issues regarding consumer deception, wire transmissions in interstate wagering pools, and the denial of due process to retail bettors." (*Id.* ¶ 2). Plaintiff invokes federal question subject-matter jurisdiction under 28 U.S.C. § 1331. (*Id.* ¶ 1).[3] His claims are labelled "Unfair and Deceptive Trade Practices" (Count I) and "Denial of Equal Access and Due Process") (Count II).

---

[2] As the Sixth Circuit recently explained, "[p]ari-mutuel wagers differ from ordinary wagers. Rather than betting against the racetrack, each bettor bets against all other bettors. Bettors stand to win a share of the total pool of money wagered. The payout for each winning wager is determined by dividing the pools based on a set formula. After the Kentucky Horse Racing Commission's appointed stewards declare the race 'official,' bettors 'exchange their winning ticket for the money due to them.' As compensation for administering the wagers, the racetrack receives the 'takeout,' a fixed percentage of the money wagered." *Mattera v. Baffert*, 100 F.4th 734, 736 (6th Cir. 2024) (citations to the record omitted).

[3] Plaintiff also invokes 28 U.S.C. § 1337, which provides (in part): "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies[.] . . ."

(*Id.* ¶¶ 14–16, ¶¶ 17–19).

**Summary of the R&R.** As to Count I, the Magistrate Judge observes that Plaintiff cites to no federal or state statute in support. (Doc. 7 PAGEID 39–40). The federal statute that outlaws unfair or deceptive acts or practices "in or affecting commerce" is § 5 of the Federal Trade Commission Act ("FTCA"), codified at 15 U.S.C. § 45. (*Id.* PAGEID 40). However, "courts have uniformly held that a private right of action does not exist under § 5 of the FTCA." (*Id.* (quoting *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000))). A private right of action does exist under Ohio's Deceptive Trade Practices Act[4], but this Court lacks diversity (of citizenship) subject-matter jurisdiction because the complaint fails to plead the $75,000 amount-in-controversy requirement. (*Id.* (quoting 28 U.S.C. § 1332(a))). In fact, Plaintiff's Prayer for Relief only seeks an award of nominal damages in the amount of $1.00. (*Id.*).

As to Count II, the Magistrate Judge matter-of-factly states that she "is unable to discern a legal basis" for Plaintiff's "claim of the denial of 'equal access' under the laws or constitution of the United States." (Doc. 7 PAGEID 39). Concerning his due process claim, the Magistrate Judge notes that none of the defendants are state actors as required under 42 U.S.C. § 1983. (Doc. 7 PAGEID 37–38). But even if Plaintiff sufficiently alleged state action for § 1983 purposes, he failed to plead, as a predicate, "that state remedies for redressing the wrong are inadequate." (*Id.* PAGEID 38 (quoting *Victory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983))). As the Magistrate Judge explains, "[a] plaintiff 'may not seek relief under [42 U.S.C. §] 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations.'" (*Id.* (quoting *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d

---

[4] *See* Ohio Rev. Code §§ 4165.01 et seq.

3

583, 588 (6th Cir. 2004))).

**Plaintiff's Objections.** Plaintiff first contends, without citation to any authority, that *sua sponte* dismissal "is a 'drastic remedy' and should be applied cautiously[.]" (Doc. 8-1 PAGEID 53). Not so. The federal statute in question, 28 U.S.C. § 1915(e)(2)(B)(ii)[5], *mandates* that a district court dismiss a case when the causes of action pled fail to state a claim on which relief may be granted. So-called "matters of public interest," (*see* Doc. 8-1 PAGEID 53), do not mitigate this responsibility. Nor does a perfunctory assertion that the complaint "can be cured through amendment." (*Id.*). "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *Forrester v. Am. Sec. & Prot. Serv. LLC*, No. 21-5870, 2022 WL 1514905, at *2 (6th Cir. May 13, 2022) (quoting in a parenthetical *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).[6]

Plaintiff doubles down on his fairness argument, insisting that CAW "syndicates" are "granted access and advantages not available to ordinary bettors" and "distort odds at the last possible moment, leaving retail bettors disadvantaged." (Doc. 8-1 PAGEID 54). He adds that some racetracks "have acknowledged and curtailed CAW privileges to protect retail bettors." (*Id.*). But, critical here, he neglects to address *any* of the legal authority presented by the Magistrate Judge to justify dismissal. He only disagrees with her proposed resolution, which is an improper objection under *Aldrich* and *Renchen*.

---

[5] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall** dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

[6] *See generally Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017) ("[A]n informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend.") (citing *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000)).

As to his "equal access" claim, Plaintiff comments that "[t]his case is about fairness in a regulated market." (Doc. 8-1 PAGEID 54). "Just as *Brown v. Board of Education* held that 'separate but equal' is inherently unequal, pari-mutuel wagering that grants privileges to CAW bettors while denying them to the public is inherently unfair." (*Id.*). To say the least, this analogy is inapt.

The question presented in *Brown v. Board of Education* asked whether "segregation of children in public schools **solely on the basis of race**, even though the physical facilities and other 'tangible' factors may be equal, deprive the children of the minority group of equal educational opportunities?" 347 U.S. 483, 493 (1954) (emphasis added). "We believe that it does." *Id.* Then-Chief Justice Earl Warren prefaced the Court's ruling with this comment:

> **Today, education is perhaps the most important function of state and local governments.** Compulsory school attendance laws and the great expenditures for education both demonstrate our recognition of the importance of education to our democratic society. It is required in the performance of our most basic public responsibilities, even service in the armed forces. **It is the very foundation of good citizenship.** Today it is a principal instrument in awakening the child to cultural values, in preparing him for later professional training, and in helping him to adjust normally to his environment. In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education. Such an opportunity, where the state has undertaken to provide it, is a right which must be made available to all on equal terms.

*Id.* (emphasis added). Betting on horse races is a recreational activity, a "sport" Plaintiff "has followed and supported for over sixty years." (Doc. 6 PAGEID 31). While states may regulate this sport, they don't "provide" it as they do public education. Thus, the notion of retail-bettors-as-a-protected-class is totally misplaced.

Finally, and presumably in response to falling short of the amount-in-controversy

5

requirement for diversity jurisdiction, Plaintiff clarifies that he "further seeks damages representing the loss suffered from distorted pool returns." (Doc. 8-1 PAGEID 54). Without more, the Court cannot presume these additional losses amount to the necessary $75,000 threshold.

**Conclusion.** Upon review, the Court hereby **OVERRULES** Plaintiff's objections, (Doc. 8-1), and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R (Doc. 7) in full. Plaintiff's complaint (Doc. 6) is **DISMISSED** (pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), because it fails to state a claim upon which relief may be granted. In this regard, any state law claims Plaintiff purports to allege within his complaint are DISMISSED **without** prejudice. Additionally, the Court **CERTIFIES** (pursuant to 28 U.S.C. § 1915(a)(3)) that an appeal of this order would not be taken in good faith and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3)(A). Pursuant to Fed. R. App. P. 24(a)(5), however, Plaintiff—a non-prisoner—remains free to apply to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                   /s/ *Michael R. Barrett*
                                                   Michael R. Barrett, Judge
                                                   United States District Court